FILED: 1/13/2023 12:27 PM
David Trantham
Denton County District Clerk
By: Jenny Hernandez, Deputy

23-0346-431

CAUSE NO. _____

| | | |
|---|---|---|
| PREMIER HOSPITALITY MANAGEMENT INC | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| NAVIGATORS SPECIALTY INSURANCE COMPANY | § § § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

NOW COMES PLAINTIFF, Premier Hospitality Management Inc. ("Plaintiff"), and files its Original Petition complaining of Defendant Navigators Specialty Insurance Company ("Defendant") and for cause of action would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order discovery be conducted in accordance with a discovery control plan tailored to this particular suit.

### II. PARTIES

2.1. Plaintiff, Premier Hospitality Management Inc., is a privately owned hospitality corporation that owns many hotels in both North Texas and Oklahoma, with its corporate office located in Durant Oklahoma.

2.2. Defendant, Navigators Specialty Insurance Company, is a surplus lines insurance company, authorized to engage in the insurance business in the State of Texas, who issued policy number NY20HABZ01GK4IC to Plaintiff. Defendant may be served by serving the Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, MC 113-2A, PO Box 149104,

Austin, Texas 78714-9104, WHO SHALL THEN SERVE: General Counsel of Navigators Specialty Insurance Company at 400 Atlantic Street, 8th Floor, Stamford, CT 06901. Service is requested by certified mail, return receipt requested.

### III.   JURISDICTION AND VENUE

3.1. This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

3.2. Venue is mandatory and proper in Denton County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county, and the insured property that is the basis of this lawsuit is also located in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

### IV.   CONDITIONS PRECEDENT

4.1. All conditions precedent to recovery have been performed, waived, or have occurred.

### V.   AGENCY AND *RESPONDENT SUPERIOR*

5.1. Whenever in this petition it is alleged that Defendant did any act or omission, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### VI.   FACTS

6.1. On or around March 25, 2021, a severe wind and hailstorm struck the Denton County area causing substantial property damage including to Plaintiff's hotel located at 3400 Parkwood



Blvd. Frisco, TX. Specifically, the storm in question caused damage to Plaintiff's building's roofing system and resulting interior damage.

6.2. Plaintiff submitted claims to Defendant against its policy for extensive covered windstorm damages to its above-referenced property and requested Defendant to cover the cost to properly repair the severe storm damage to the building's entire roofing system and the resulting interior water damage to the fitness center, breakfast area, men's bathroom, women's bathroom, five (5) rooms and 2 hallways pursuant to the policy and any other available coverage.

6.3. Plaintiff's storm claim was assigned to Defendant's third-party adjuster Engle Martin and Associates ("EMA") and was handled under claim number HAB356734. Defendant hired EMA knowing they would perform an inadequate and outcome-oriented investigation to minimize the covered wind and hailstorm damages to Plaintiff's property. Plaintiff's property was initially inspected by Defendant on October 12, 2021. Following the inspection, Plaintiff anxiously awaited Defendant's repair estimate and payment to begin repairs to its property.

6.4. Unfortunately, Defendant failed to properly adjust Plaintiff's claims by omitting from its estimates the cost to repair visibly apparent exterior and interior property damage caused by the storm in question.

6.5. Upon receipt of Defendant's repair estimate and claim determination, Plaintiff realized Defendant did not conduct a thorough investigation. Indeed, the estimate still omitted extensive, visibly apparent storm damages to Plaintiff's property. By doing so, Defendant knowingly misrepresented the full scope of the covered storm damages caused by the storm in question and misrepresented the true cost to properly restore Plaintiff's property to it pre-loss condition. More particularly, the storm in question's strong winds and hail damaged the roof on Plaintiff's building, resulting in interior water leaks. The hail and high winds also created openings in the exterior

elevations of Plaintiff's buildings, allowing water to penetrate the building envelope. The wind-blown debris impacted Plaintiff's building's roof and exterior elevations causing damage.

6.6. Even so, Defendant misrepresented the cost to properly repair Plaintiff's building's roofs, exterior elevations, and resulting interior water damage. Defendant would significantly underpay Plaintiff's claim based on the insufficient inspection and repair estimate, but submitted the low-ball estimate anyway, with the intention of minimizing Defendant's liability to Plaintiff. Because Defendant significantly underpaid the claim, Plaintiff was unable to make the proper repairs to the covered damages to the insured property.

## VII. CAUSES OF ACTION

**1. Breach of Contract**

7.1. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

7.2. According to the insurance policy Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including those under the policy resulting from a wind and hailstorm. As a result of the storm and/or ensuing losses from the storm, both of which are covered perils under Plaintiff's policy, Plaintiff's property was damaged.

7.3. Defendant failed to perform its contractual duty to adequately and timely compensate Plaintiff under the terms of its policy. Specifically, Defendant inspected the property in October 2021 and should have obtained all the information it needed to properly adjust Plaintiff's claims. Even so, Defendant misrepresented to Plaintiff the extent of covered damage caused by the storm in question and the reasonable costs Plaintiff will incur to repair the covered damage.



7.4. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff and such breach caused Plaintiff's damages.

## 2. Violations of Section 542 of the Texas Insurance Code

7.5. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

7.6. Defendant's acts, omissions, failures, and conduct described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, or forms it reasonably believed, at that time, would be required from Plaintiff for its claim. As a result, Defendant violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe and by failing to pay Plaintiff's claim within the applicable statutory period. More particularly, Defendant violated the following provisions of Section 542 of the Texas Insurance Code:

   a. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated deadline of receiving all necessary information. The claim was made on September 24, 2021. Defendant inspected Plaintiff's property shortly thereafter but didn't notify Plaintiff of it's need for additional information and misrepresented the extent of covered loss and cost of repairs. Consequently, Plaintiff was forced to wait nearly three (3) months before Defendant finally accepted the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

   b. Defendant failed to meet its obligations under the Texas Insurance Code by denying full payment of Plaintiff's claim. Specifically, Defendant wrongfully

denied paying insurance benefits on Plaintiff's claim, which caused Plaintiff to incur fees it otherwise would not have had, and as such, to date, Plaintiff has not received an amount that would put Plaintiff back to its pre-loss condition. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

7.7. Additionally, if it is determined Defendant owe Plaintiff any additional monies, Defendant has automatically violated Section 542 in this case.

**3. Unfair Insurance Practice**

7.8 Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

7.9 Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim. More specifically, Defendant is guilty of the following unfair insurance practices:

  a) Defendant misrepresented to Plaintiff that all the damages to its property were not covered under its insurance policy, even though the damage was caused by a covered occurrence. More particularly, Defendant misrepresented the cost to properly repair Plaintiff's building's roof, the exterior elevations, and resulting interior water damage to Plaintiff's various common areas including bathrooms, fitness center, hallways, and five (5) guest rooms. Defendant wrongfully underpaid Plaintiff's claim and Defendant's conduct constitutes a violation of the Texas

Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1);

b) Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under its policy. More particularly, Defendant misrepresented the cost to properly repair Plaintiff's building's roof, exterior elevations; and resulting interior water damage to Plaintiff's many common areas and five (5) guest rooms. Not only did Defendant initially grossly underpay Plaintiff's claim, but Defendant and Defendant unreasonably delayed payment more than sixteen (16) months from the time Plaintiff timely made the claim. To date, the claim is not fully paid. Defendant wrongfully denied the full covered damages and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A);

c) Defendant failed to explain to Plaintiff any valid reasons for offering inadequate funds to resolve the claim. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any reasonable explanation of why payment was not being made for its full covered loss and why Defendant was not providing an accurate estimate of all the covered storm damage to its property. Furthermore, Defendant did not indicate any future settlements or payments would be forthcoming to pay the losses covered under Plaintiff's policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3);

d) Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, despite Plaintiff promptly reporting its wind and hailstorm

claim, Plaintiff did not receive timely indication in writing of acceptance or rejection regarding the full and entire claim from Defendant. And Plaintiff's claim remains grossly underpaid. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4); and

e) Defendant failed to conduct a reasonable investigation and refused to fully compensate Plaintiff under the terms of Plaintiff's policy. Specifically, Defendant did not thoroughly investigate Plaintiff's damages and ignored visibly apparent storm damage observed during his investigation. As such, Defendant inadequate and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of the damages to Plaintiff's interior, was also delayed and untimely. Because of Defendant's inadequate investigation and misrepresentation of the scope of covered damages, Defendant wrongfully delayed, underpaid, and denied a significant portion of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

7.10. Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct has resulted in Plaintiff's damages described in this petition.

7.11. Further, the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**4. Violations of the DTPA**

7.12. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

7.13. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the Texas Deceptive Trade Practice Act (DTPA), and Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Defendant's violations of the DTPA include, without limitation, the following matters:

a) By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46(b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation: (1) its unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay an amount that would put Plaintiff to its pre-loss condition.

b) Defendant represented to Plaintiff its insurance policy and claims adjusting services had characteristics or benefits they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

c) Defendant represented to Plaintiff its insurance policy and claims adjusting services were of a particular standard, quality, or grade when they were actually of another, in violation of Section 17.46(b)(7) of the DTPA;

d) Defendant advertised the insurance policy and claims adjusting services with intent to not sell them as advertised, in violation of Section 17.46(b)(9) of the DTPA;

e) Defendant represented to Plaintiff its insurance policy and adjusting and investigative services conferred or involved rights, remedies, or obligations they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

f) Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce

Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

g) Defendant has breached an express warranty that the damage caused by a wind and hailstorm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

h) Defendant's actions are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience regarding the adjustment of storm damage claim to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

i) Defendant's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

7.14. All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages described in this petition. The above-described acts, omissions, and failures of Defendant were also done knowingly and intentionally as those terms are defined in the DTPA.

### 5. Breach of Duty of Good Faith and Fair Dealing

7.15. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

7.16. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of Plaintiff's policy was reasonably clear. However, by its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing. Defendant failed to reasonably investigate Plaintiff's claim

and made numerous misrepresentations regarding the progress and status of the claim. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff's entire claim until over a year after it was made. Defendant knew or should have known it was reasonably clear the entire claim was covered; yet to date, Plaintiff's claim has yet to be paid in full.

7.17. Defendant's acts, omissions, failures, and conduct are a proximate cause of Plaintiff's damages.

## VIII. Waiver And Estoppel

8.1. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX. Damages

9.1. Defendant's acts, omissions, failures, and conduct have caused Plaintiff's damages which include, without limitation, the cost to fully and properly repair the exterior and interior of Plaintiff's property, the expert fees incurred during the course of this claim, and other additional expenses associated with damage caused by the storm. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract, as well as an 10% per annum penalty on its claims against Defendant as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## X. Attorneys' Fees

10.1. As a result of Defendant's conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and

Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.   JURY DEMAND

11.1. Plaintiff asserts its right to a trial by jury, pursuant to Rule 216 of the Texas Rules of Civil Procedures and tenders the fee of $10.00 with the clerk of the court.

## XII.   PRAYER

FOR THESE REASONS, Plaintiff prays Defendant be cited to appear and answer therein, and that upon trial, Plaintiff recover sums that would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, consequential damages, and damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

BY: _____
**MARC K. WHYTE**
State Bar No. 24056526.

**WHYTE PLLC**
2101 NW Military HWY
San Antonio, Texas 78213
Telephone: (210) 562-2878
Telecopier: (210) 562-2874
Email: mwhyte@whytepllc.com

**ATTORNEY FOR PLAINTIFFS**

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
4-25-23   By: _____
Date                Deputy Clerk